THIS OPINION HAS NO
 PRECEDENTIAL VALUE.  IT SHOULD NOT BE CITED OR RELIED ON AS PRECEDENT IN ANY
 PROCEEDING EXCEPT AS PROVIDED BY RULE 268(d)(2), SCACR.
THE STATE OF SOUTH CAROLINA
In The Court of Appeals

 
 
 
 The State, Respondent,
 
 
 

v.

 
 
 
 Jarvis Dequan
 Gibbs, Appellant.
 
 
 

Appeal From Kershaw County
 G. Thomas Cooper, Jr., Circuit Court
Judge

Unpublished Opinion No.  2011-UP-511  
 Submitted November 1, 2011  Filed
November 28, 2011

AFFIRMED

 
 
 
 Appellate Defender Robert M. Pachak, of
 Columbia, for Appellant.
 Attorney General Alan Wilson, Chief Deputy
 Attorney General John W. McIntosh, Assistant Deputy Attorney General Salley W.
 Elliott, and Senior Assistant Attorney General Harold M. Coombs, Jr., all of
 Columbia; and Solicitor Daniel E. Johnson, of Columbia, for Respondent.
 
 
 

PER CURIAM:  Jarvis
 Dequan Gibbs appeals his convictions for entering a bank with intent to steal,
 kidnapping, and using a firearm during the commission of a violent crime. 
 Gibbs argues the trial court erred in allowing testimony about his statement to
 the police that he offered twenty dollars' worth of crack cocaine to borrow a
 bicycle because the testimony was unduly prejudicial and placed his character
 at issue.  We affirm.[1]
"The admission of
 evidence is within the discretion of the trial court and will not be reversed
 absent an abuse of discretion."  State v. Pagan, 369 S.C. 201, 208,
 631 S.E.2d 262, 265 (2006).  "An abuse of discretion occurs when the
 conclusions of the trial court either lack evidentiary support or are
 controlled by an error of law."  Id.  "Generally, appellate
 courts will not set aside convictions due to insubstantial errors not affecting
 the result."  Id. at 212, 631 S.E.2d at 267.  "[A]n
 insubstantial error not affecting the result of the trial is harmless where
 'guilt has been conclusively proven by competent evidence such that no other
 rational conclusion can be reached.'" Id. (citation omitted). 
Here, competent evidence established Gibbs's guilt beyond a
 reasonable doubt.  Arthur Macklin, the owner of the bicycle, testified, and
 Gibbs admitted, Gibbs borrowed Macklin's bicycle the morning of the robbery.  Melissa
 Roberts, a bank teller, testified she recognized the bank robber as Gibbs
 despite his mask.  Two witnesses testified the bank robber left the bank on a
 bicycle.   The police later found the bicycle abandoned next to a shoe print
 having the same outsole design of the shoe Gibbs was wearing the morning of the
 robbery.  Gibbs admitted to Chad Moore, a person incarcerated in the Kershaw
 County Detention Center, he robbed the bank on a bicycle and escaped in a
 four-wheeler abandoned thereafter.  A police detective testified the bicycle,
 when found, was laying down on tracks from a four-wheeler and the police discovered
 an abandoned four-wheeler after talking to Moore.  Therefore, because competent
 evidence of Gibbs's guilt was presented at trial, Gibbs's convictions will not
 be set aside even if the statement was admitted in error.  See Pagan,
 369 S.C. at 212, 631 S.E.2d at 267 ("[A]ppellate courts will not set aside
 convictions due to insubstantial errors not affecting the result.").
AFFIRMED.
SHORT,
 WILLIAMS, and GEATHERS, JJ., concur.

[1] We decide this case without oral argument pursuant to
 Rule 215, SCACR.